NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. DESANTOS-RODRIGUEZ, | Case No. 3:20-cv-00694 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.** |
| DOLLAR LOAN CENTER, LLC, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**NOW COMES** Debra L. DeSantos-Rodriguez ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of Dollar Loan Center, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada, a substantial portion the events or omissions giving rise to the claims occurred within the District of Nevada, and Plaintiff resides in the District of Nevada.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Nevada limited liability company, with its principal place of business located in Las Vegas, Nevada. Defendant's principal business purpose is providing loans to individuals.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. In 2019, Plaintiff's roommate took out a personal loan from Defendant, but allegedly used Plaintiff's names to secure the loan ("subject debt").

8. In 2020, Plaintiff's roommate ceased making payments on the subject debt.

9. As a result, around November 2020, Plaintiff began receiving collection calls from Defendant to her cellular phone, (725) XXX-8758 from Defendant, in an attempt to collect the subject debt.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8758. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Immediately after the calls began, Plaintiff answered her cellular phone and advised Defendant that she did not owe the subject debt and did not want to receive calls to her cellular phone number.

12. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

13. Notwithstanding Plaintiff's request that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's cellular phone between November 2020 and the present day.

14. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one week.

### DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription

3

services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

4

27. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

28. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between November 2020 and the present day, using an ATDS without her consent.

29. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

31. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff DEBRA L. DESANTOS-RODRIGUEZ respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

1      c. Awarding Plaintiff costs and reasonable attorney fees;

2      d. Enjoining Defendant from further contacting Plaintiff; and

3      e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 14, 2020　　　　　　　　　Respectfully Submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
LAW OFFICES OF NICHOLAS M. WAJDA, ESQ.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702)-900-6339
Email Address: nick@wajdalawgroup.com